**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| | § | **CASE NUMBER 6:17-CR-00011-JDK-JDL** |
| **v.** | § | |
| | § | |
| | § | |
| **QUINTUS DEWAYNE SHAW (1),** | § | |
| | § | |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On June 23, 2021, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Quintus Dewayne Shaw. The government was represented by Alan Jackson, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk, Federal Public Defender.

Defendant originally pled guilty to the offenses of Possession with Intent to Distribute Less Than 28 Grams of Cocaine Base Near a Playground, and Aiding and Abetting, a Class B felony, and Felon in Possession of a Firearm, a Class C felony. These offenses carried statutory maximum imprisonment terms of 40 years and 10 years respectively. The guideline imprisonment range, based on total offense level of 15 and criminal history category of VI, was 41 to 51 months. On September 27, 2017, Senior U.S. District Judge Thad Heartfield sentenced Defendant to 44 months imprisonment, followed by 6 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, prohibition of purchasing, possessing, distributing, administering, or using and psychoactive substance, drug testing and treatment, mental health treatment, and a $100 special assessment. On August 24, 2020, Defendant

1

completed his period of imprisonment and began service of the supervision term. On March 3, 2021, the terms of supervision were modified to include 180 days in a halfway house.

Under the terms of supervised release, Defendant was required to refrain from any unlawful use of a controlled substance. In its petition, the government alleges that Defendant violated his conditions of supervised release by submitting urine specimens that tested positive for marijuana on September 8, 2020, and positive for Phencyclidine (PCP) on September 28, 2020 and October 12, 2020. The government represents that Fifth Circuit case law permits a court to find that illicit drug use constitutes possession for the offense.

If the court finds by preponderance of the evidence that Defendant violated the conditions of supervised release by possessing marijuana and/or PCP, Defendant will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade B violation, the court shall revoke supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of VI, the Guideline imprisonment range for a Grade B violation is 21 to 27 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade B violation of the conditions of supervision referenced above by possession of controlled substances as alleged in the government's petition. In exchange, the government recommended to the court a sentence of 21 months imprisonment which includes unserved community confinement time and with credit for time served in custody from November 17, 2020 to March 23, 2021 pursuant to an unadjudicated petition in this matter with no supervised release to follow.

The court therefore **RECOMMENDS** that Defendant Quintus Dewayne Shaw's plea of true be accepted and he be sentenced to 21 months imprisonment which includes unserved

community confinement time and with credit for time served in custody from November 17, 2020 to March 23, 2021 pursuant to an unadjudicated petition in this matter with no supervised release to follow. The court further **RECOMMENDS** that Defendant serve his sentence at FCI El Reno if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 23rd day of June, 2021.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE